64 F.3d 662
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Floyd E. COURSEY and Michael B. COURSEY, Plaintiffs-Appellants,
v.
CATERPILLAR, INC., f/k/a Caterpillar Tractor Company
Defendant-Appellee,
Michigan Tractor & Machinery Company, and Motor Truck Sales,
Inc., Defendants.
 No. 94-1348.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1995.
 
 Before: NELSON and DAUGHTREY, Circuit Judges; and JARVIS, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs brought this action for breach of warranty under Article II of the Uniform Commercial Code, codified in Michigan at Mich. Comp. Laws Ann. (M.C.L.A.) Sec. 440.2101, et seq. (West 1995). After hearing oral argument, the Honorable Anna Diggs Taylor granted defendant's motion for summary judgment, finding that the defendant's disclaimer of the warranties of merchantability and fitness for a particular purpose was effective. On appeal, appellants contend that the district court erred in granting summary judgment on the issue of the conspicuousness of the disclaimer and in failing to find that defendant's disclaimer of the remedy of consequential damages was unconscionable. For the reasons set out below, we affirm.
 
 I.
 Factual Background
 
 2
 On July 9, 1985, the plaintiffs purchased a new 1984 Peterbilt truck from Motor Truck Sales, Inc. for use in their freight-hauling business. The Peterbilt tractor was powered by a Caterpillar diesel engine which had been shipped from Caterpillar to Peterbilt on September 26, 1984. Peterbilt subsequently installed the engine in the tractor. Accompanying the engine was Caterpillar's Operation and Maintenance Manual which contained, inside its back cover, Caterpillar's warranty. This manual was placed inside the tractor's glove compartment and was located there when the tractor was purchased by the plaintiffs.
 
 
 3
 Plaintiff Michael Coursey testified in his deposition that he found the booklet in the glove compartment after he took possession of the tractor and that he either looked at the manual or looked through it. The manual contained information mainly on the operation and maintenance of the engine. However, on the inside of the back page of the booklet was a section titled, in large letters, "Caterpillar Warranty" with a smaller subtitle, "Engines Used To Power On-Highway Vehicles." The warranty had four subsections headed by the following titles, in bold type: "Warranty Period", "Caterpillar Responsibilities", "User Responsibilities", and "Limitations".
 
 
 4
 Under the subsection titled "Caterpillar Responsibilities", the warranty provided the following:
 
 
 5
 If a defect in material or workmanship is found during the warranty period, Caterpillar will provide at a Caterpillar dealer or other source approved by Caterpillar ... during the base warranty period
 
 
 6
 * * *
 
 
 7
 * * *
 
 
 8
 *new or repaired parts at Caterpillar's choice
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 *labor needed to make the repair during normal working hours including reasonable labor to remove and reinstall the product if necessary, ...
 
 
 12
 Under the subsection titled "Limitations", set apart from the remainder of the writing and in slightly bolder type, was the following paragraph:
 
 
 13
 This warranty is expressly in lieu of any other warranties, express or implied, including any warranty of merchantability or fitness for a particular purpose, except Caterpillar emission related components warranties limited to the provision of material and services, as specified above. Caterpillar is not responsible for incidental or consequential damages.
 
 
 14
 After plaintiffs purchased the tractor, its engine and cooling system malfunctioned on several occasions. On each occasion, defendants' agent attempted repairs at no cost to the plaintiffs. However, the tractor was out of service during the time that it was being repaired and plaintiffs claim that this interfered with their hauling schedule. They claim that because of the lack of income from the tractor they were ultimately forced to sell it on October 31, 1985, and attempted by this action to recover incidental and consequential damages under an implied warranty theory.
 
 
 15
 In ruling orally on defendants' motion for summary judgment, Judge Taylor found that the disclaimer of warranty was sufficiently conspicuous to comply with the definition of that term as found in M.C.L.A. Sec. 440.1201(10). The district court did not rule specifically on the question of whether or not the disclaimer of consequential damages was unconscionable, but did note its existence and implicitly recognized that the disclaimer was effective.
 
 II.
 Standard of Review
 
 16
 Both the questions of conspicuousness and unconscionability are mixed questions of law and fact since they result from the application of legal principles to subsidiary factual determinations. See Taylor and Gaskin, Inc. v. Chris-Craft Industries, 732 F.2d 1273, 1277 (6th Cir. 1984). We review such determinations de novo. See Cordrey v. Euckert, 917 F.2d 1460, 1465 (6th Cir. 1990), cert. denied, 499 U.S. 938 (1991) (holding that, where issue is question of law or mixed law and fact, it is "subject to de novo review").[1] Accordingly, both of these questions will be reviewed de novo.
 
 III.
 Conspicuousness
 
 17
 M.C.L.A. Sec. 440.1201(10) defines "conspicuous" as follows:
 
 
 18
 A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: non-negotiable bill of lading) is conspicuous. Language in the body of a form is "conspicuous" if it is in larger or contrasting type or color....
 
 
 19
 We find that the disclaimer of warranties was sufficiently conspicuous that a reasonable person would have noticed it. It was located in a paragraph set apart in the inside back cover of the manual, not buried in its interior. The disclaimer was located under a subsection clearly marked "Limitations". Although the parties apparently disagree over the size of the actual manual, it is clear that the type of the disclaimer provision is slightly darker than the type of the surrounding provisions.
 
 IV.
 Unconscionability
 
 20
 M.C.L.A. Sec. 440.2719 provides for the contractual modification or limitation of remedies as follows:
 
 
 21
 (3) Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not.
 
 
 22
 Except in cases in which consumer goods cause personal injuries, the buyer carries the burden of proving the unconscionability of a limitation-of-remedy clause. James J. White & Robert S. Summers, Uniform Commercial Code 1, Sec. 12-11 at 607 (West Publishing Co. 3d ed. 1991). Unconscionability is rarely found to exist in a commercial setting. U.S. Fibres, Inc. v. Proctor & Schwartz, Inc., 358 F. Supp. 449, 460 (E.D. Mich. 1972), aff'd, 509 F.2d 1043 (6th Cir. 1975).
 
 
 23
 The various factors considered by courts in deciding questions of unconscionability have been divided by the commentors into "procedural" and "substantive" categories. See J. White & R. Summers, supra at 118-30. Under the "procedural" rubric are factors which involve the "meeting of the minds" of the contracting parties: age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed terms were possible, and whether there were alternate sources of supply for the goods in question. The "substantive" heading embraces the contractual terms themselves, and requires a determination whether they were commercially reasonable. Most courts have taken a "balancing approach" to the unconscionability question and seem to require a certain quantum of procedural plus a certain quantum of substantive unconscionability to tip the scales in favor of unconscionability. J. White & R. Summers, supra at 128.
 
 
 24
 The plaintiffs failed to come forward with any evidence that the disclaimer of consequential damages was either procedurally or substantively unconscionable. The warranty provided for replacement of parts and labor in the event of mechanical failure and plaintiffs availed themselves of that warranty several times. If they did not like the terms of the warranty, they were free to purchase a tractor elsewhere. Nor have the plaintiffs demonstrated that the limitation of damages to replacement parts and labor is commercially unreasonable. The limitations clause was a conspicuous and unambiguous part of the sales transaction between two commercial entities. It was a limitation not unusual or unexpected in a commercial setting. Accordingly, the disclaimer of the remedy of consequential damages was valid and effective, and defendants were entitled to summary judgment with respect to plaintiffs' claim for consequential damages.
 
 V.
 Conclusion
 
 25
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable James H. Jarvis, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 M.C.L.A. Sec. 440.1201(10) also provides that whether a term or clause is "conspicuous" or not is for decision by the court